# IN THE COURT OF APPEALS OF IOWA

No. 21-1144
Filed October 20, 2021

**IN THE INTEREST OF K.J.,**
**Minor Child,**

**B.J., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Madison County, Kevin Parker, District Associate Judge.

　　　A mother appeals from a district court order terminating her parental rights. **AFFIRMED.**

　　　Penny B. Reimer of The Neighborhood Law Group, P.C., West Des Moines, for appellant mother.

　　　Thomas J. Miller, Attorney General and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　　Will Sales, Des Moines, attorney and guardian ad litem for minor child.

　　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals a district court order terminating her parental rights. Termination of the mother's parental rights is supported by clear and convincing evidence, the mother should not be granted an extension of time, termination is in the child's best interests, and none of the exceptions to termination should be applied. We affirm the termination of the mother's parental rights.

## I. Background Facts & Proceedings

B.J., mother, and F.C., father,[1] are the parents of K.J., born in 2020. The mother was a minor at the time of the child's birth. The mother has a history of mental-health problems, including post-traumatic stress disorder, borderline intellectual functioning, and major depression. The mother herself was a child in need of assistance (CINA). In the three years prior to K.J.'s birth, the mother was moved to eighteen different placements based on her behavioral concerns. K.J. was removed from the mother's care on September 11, 2020, because of the mother's suicidal ideation, and K.J. was placed with the maternal grandmother.

On October 29, the child was adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(n) (2020). The mother attended mental-health therapy but was not taking prescribed medication for her mental health. In February 2021, the mother was the victim of domestic violence in an incident involving her paramour. The paramour was also facing charges of possession of a controlled substance and drug paraphernalia.

---

[1] The father consented to termination of his parental rights and has not appealed.

The State filed a petition seeking termination of the mother's parental rights on March 22. On March 26, the child was placed in foster care after the maternal grandmother informed the Iowa Department of Human Services (DHS) that she could not be a long-term care option for the child. The mother exercised visitation two times with the child after he was placed in foster care—once in person and once by video.

At the termination hearing, the DHS social worker testified that if the mother "is in a relationship that isn't safe for her, then it obviously wouldn't be safe for [the child] as well." The social worker gave the opinion that the mother could not safely parent the child in her home. The social worker additionally stated the mother had not made recent progress to show that the need for removal would no longer exist in six months.

The district court entered an order on August 6 terminating the mother's parental rights under Iowa Code section 232.116(1)(e) and (h) (2021). The court found termination of the mother's parental rights was in the child's best interests. The court declined to apply any of the exceptions to termination found in section 232.116(3). The mother timely appeals the termination of her parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary

concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.   Sufficiency of the Evidence

The mother claims the State did not present clear and convincing evidence to show her parental rights should be terminated. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435.

We will focus on the termination of the mother's parental rights under section 232.116(1)(h). A parent's rights may be terminated under section 232.116(1)(h) if the court finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

In applying section 232.116(1)(h), we consider whether the child could be safely returned to the parent's care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother disputes only the last element. She claims there is clear and convincing evidence to show the child could be safely returned to her care. She

asserts that she is getting help for her mental health. The mother states the child could live with her "while she continues to address her mental health through appropriate services."

The mother did not sign releases to permit DHS to talk to her therapist so it was unknown if the mother was making progress in therapy. The exhibit provided by the mother showed she was not consistently attending therapy. Also, there was no information about medication management for her mental health. There were also concerns about the mother's relationship with her paramour due to the recent incident of domestic violence and his arrest for possession of a controlled substance and drug paraphernalia. There is a lack of evidence in the record that the mother has addressed the concerns of domestic violence. She testified, even after police involvement in February 2021, she did not believe her paramour would hurt her. We conclude there is clear and convincing evidence to show the child could not be safely returned to the mother's care and the statutory elements of section 232.116(1)(h) were met.

## IV. Extension of Time

The mother contends the district court should have granted her additional time to work on reunification with the child. She asserts that she is in therapy for her mental health. She claims the child could be returned to her care within six months.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional

six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The evidence does not show it is likely the child could be returned to the mother's care by the end of an additional period of six months. *See id.* The mother had very limited contact with the child after the child was placed in foster care. There is not sufficient evidence to show the mother is making progress in therapy or taking prescribed medication for her mental health. The record is lacking any convincing evidence that the mother has addressed the domestic violence concerns. A DHS social worker testified at the termination hearing the mother had not made recent progress to show that the need for removal would no longer exist in six months. We conclude the district court properly denied the mother's request for an extension of time.

## V.    Best Interests

The mother claims termination of her parental rights is not in the child's best interests. She states that she had consistent contact with the child while he was in the care of the maternal grandmother.

In considering the best interests of children, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

We find termination of the mother's parental rights is in the child's best interests. The mother has not shown she understands how her actions have consequences for the child. The mother's association with the paramour involved domestic violence, plus there was evidence of the paramour's use of controlled substances. In addition, the mother did not take advantage of the visitation opportunities presented to her. We conclude the child's best interests require termination of the mother's parental rights.

## VI.    Exceptions to Termination

The mother asserts the district court should have applied an exception to termination. *See* Iowa Code § 232.116(3). She states the court should have found that "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See id.* § 232.116(3)(c). The mother claims she developed a close bond with the child while the child was in the care of the maternal grandmother.

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

We determine that it would not be in the child's best interests to apply an exception to termination under section 232.116(3). Although the mother would drop in when the child was placed in the maternal grandmother's care to ask for

money or pick something up, the mother's involvement with the child on these occasions was limited. As noted, the mother only had visitation with the child twice after the child was placed in foster care in March 2021. One visit was in person and one was by video. The mother's limited interaction with the child when placed with the grandmother and when the child was no longer in the maternal grandmother's care precludes a finding that the mother has a close bond with the child such that termination would be detrimental to the child. This record does not support a finding that termination would be detrimental to the child due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3). We affirm the termination of the mother's parental rights.

**AFFIRMED.**